IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lewis Carnell Jackson, ) | |
| ) | |
| Petitioner, ) | |
| ) | C/A No.: 1:16-cv-0904-TLW |
| v. ) | |
| ) | |
| B.J. Meeks, FCI Williamsburg Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |

Petitioner Lewis Carnell Jackson, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241 challenging his classification as an armed career offender. ECF No. 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on May 4, 2016, by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss the petition without prejudice. ECF No. 11. Petitioner filed Objections to the Report on May 24, 2016. ECF No. 13. Thereafter, Petitioner moved again for leave to file a successive petition pursuant to 28 U.S.C. § 2255, which the Fourth Circuit granted on June 7, 2016. On June 9, 2016, Petitioner filed his successive § 2255 petition in the Eastern District of North Carolina challenging, as he did in the instant petition, his classification as an armed career criminal pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Eastern District of North Carolina denied his petition. *Jackson v. United States*, No. 5:07-CR-110-FL-1, 2017 WL 455395, at *4 (E.D.N.C. Feb. 2, 2017). That case is currently pending appeal in the Fourth Circuit.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the applicable law, and the Objections. After careful consideration, **IT IS ORDERED** that the Magistrate Judge's Report, ECF No. 11, is **ACCEPTED**, and the Petitioner's Objections, ECF No. 13, are **OVERRULED**. The Petition, ECF No. 1, is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED**. [1]

                                                                  *s/Terry L. Wooten*_____
                                                                  Chief United States District Judge

June 8, 2017
Columbia, South Carolina

---

[1] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).